**Leoncio MALPICO, Plaintiff,**

v.

**NEWMAN MACHINE CO., INC., trading as Newman/Whitney, et al., Defendants.**

**Civil Action No. 3:98cv00089.**

United States District Court, W.D. Virginia, Charlottesville Division.

May 5, 2000.

Martin J. McGetrick, Bradford M. Young, Chandler, Franklin & O'Bryan, Charlottesville, VA, for Leoncio Malpico

John Anthony Conrad, Sands, Anderson, Marks & Miller, Richmond, VA, William Vaughan Riggenbach, Duane & Shannon, Richmond, VA, Melissa Robin Davis, Tuggle, Duggins & Meschan, P.A., Greensboro, NC, for Newman Mach. Co., Inc.

Kimberly Rose Hillman, McGuire, Woods, Battle & Boothe, LLP, Richmond, VA, for Wood Products.

### *MEMORANDUM OPINION*

MICHAEL, Senior District Judge.

By Order dated May 12, 1999, this court referred the above-captioned case to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommendation, subject to review by this court, on whether the plaintiff had a right to have a second interpreter present at his deposition. On December 21, 1999, the Magistrate Judge filed his Report and Recommendation, concluding that the plaintiff shall be permitted to have an interpreter of his choice present outside the deposition room, and the plaintiff shall be permitted to consult with his attorney through such interpreter outside of the deposition room as to any matter relating to the assertion of privilege during the course of his deposition. The plaintiff filed an objection to the Report and Recommendation. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions of the report ... to which the objection is made." After a thorough examination of the full record of this case, the court overrules the plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation in its entirety.

## I.

The plaintiff, Leoncio Malpico, was an employee of Tucker Timber Products, Inc. ("Tucker"). At some point during the plaintiff's employment, Tucker purchased a double end trimmer ("trimmer"), a machine used in the lumber milling operations, which was manufactured by the defendant, Newman Machine Company ("Newman"). On November 24, 1997, while operating the trimmer, the plaintiff's arms became entangled around an exposed rapidly-rotating shaft on the trimmer. One of the plaintiff's arms was completely amputated during the event. The other arm substantially was severed from the plaintiff's body and was surgically amputated upon admission to the hospital.

On September 21, 1998, the plaintiff filed a complaint against the defendants, invoking federal jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). In Count I (¶¶ 14–17), the plaintiff alleges the defendant was negligent in designing, testing, manufacturing, supplying, selling and instructing and providing warnings regarding the trimmer. In Count II (¶¶ 18–22), the plaintiff alleges that the defendant breached its express and implied warranty of fitness and merchantability.

The plaintiff does not speak English, but rather, speaks a special dialect of Spanish. Plaintiff's counsel does not speak any form of Spanish. On December 1, 1999, the Magistrate Judge scheduled a half-day deposition of the plaintiff for December 16, 1999, to be conducted before the court. The Magistrate also ordered that a single Court-certified interpreter was the only interpreter who would be allowed to be present at the deposition. The logic behind this ruling was to avoid confusion. The parties previously attempted to depose the plaintiff with several interpreters present whom repeatedly disagreed about the interpretations. This disagreement lead to an confusing record. The issue presently before the court is the plaintiff's December 8, 1999 motion to allow an interpreter of his choice to assist him during his deposition.

## II.

As there is no case law directly on point, permitting a second interpreter to be present during the taking of a deposition is a matter of first impression for this court. The plaintiff asserts that he has a constitutional right to have an interpreter of his own choice present in the deposition room. To avoid the confusion created by the previous deposition, the plaintiff contends that his own interpreter will not contradict, interrupt, or otherwise challenge the interpretation of the official interpreter. However, the plaintiff asserts that his own interpreter may aid him in understanding the proceedings at the deposition, interposing objections through his counsel, and otherwise protecting his rights as a litigant in this action.

The plaintiff asserts that his right to have an interpreter of his choice present in the deposition room during any deposition stems from his more basic right to retain counsel:

> While right to counsel in the criminal and civil context are not identical, a civil litigant does have a constitutional right, deriving from due process, to retain hired counsel in a civil case. This right has been considered so important that it has been extended to certain administrative proceedings as well.

*Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 257 (1st Cir.1986) (citations omitted). The plaintiff argues that such right to retain counsel at judicial proceedings includes depositions. *See Alexander v. FBI*, 186 F.R.D. 21, 52 (D.D.C.1998) ("A deposition is an extension of a judicial proceedings.... The lawyer representing a witness must make objections, when objections are required, succinctly and with the same brief precision required during the trial itself."). Accordingly, the plaintiff maintains that the presence of his counsel without an interpreter at the deposition would be meaningless, because of the

plaintiff's and counsel's language barriers. Moreover, the mere availability of the plaintiff's interpreter outside the deposition room will not allow the plaintiff to communicate with his counsel during the deposition, nor will it allow his counsel to understand the official interpreter's translation of the proceedings. As such, the plaintiff argues that his due process rights are violated unless this court permits the plaintiff's interpreter to be present during the deposition.

However, under the United States Code, interpreters utilized by the court system generally must be certified. 28 U.S.C. § 1827. "Only in a case in which no certified interpreter is reasonably available ... may the services of otherwise qualified interpreters be used." § 1827(b)(2). The court is able to get an official interpreter for this case, thus there is no need for another interpreter. Though the plaintiff has insured the court that his interpreter will not·challenge the official interpreter's interpretations, if two interpreters are present there is always the potential for conflict in interpretations. As the Magistrate noted, the court must find a way to manage the civil case in a fair and impartial way to both sides, including the defendants in this case who seek to depose the plaintiff without influence of additional or multiple interpretations. The court understands that the plaintiff speaks a special Spanish dialect which makes it more difficult to understand the official interpreter; however, it is not impossible for the official interpreter to communicate with the plaintiff. *See United States v. Pitino*, 887 F.2d 42, 47 (1989) (refusing to set aside a guilty plea when the official interpreter and defendant were able to communicate with one another though the defendant spoke Sicilian dialect and the official interpreter spoke Italian). As such, the court finds that the Magistrate Judge's resolution of this problem by permitting the plaintiff's interpreter to be present outside of the deposition room is proper.

### III.

The plaintiff will be permitted to have an interpreter of his own choice remain outside of the deposition room to aid the plaintiff, when absolutely necessary, in understanding the proceedings and raising objections based on privilege. The court finds this result fair to both parties' interests. Thus, for the foregoing reasons, the court overrules the plaintiff's objections to the Magistrate Judge's report and recommendation.

An appropriate order this day shall issue.

### ORDER

The court referred the above-captioned case to the presiding United States Magistrate Judge for proposed findings of fact and recommendation, subject to review by this court, on the issue of whether the plaintiff should be permitted to have a second interpreter with him at the taking of his deposition. On December 21, 1999, the Magistrate Judge filed his Report and Recommendation advising the court to grant in part and deny in part the plaintiff's motion.

The plaintiff filed an objection to the Report and Recommendation on January 5, 2000. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions of the report ... to which the objection is made." After a thorough examination of the plaintiff's objection, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this court overrules the plaintiff's objection. For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

that:

(1) The Magistrate Judge's Report and Recommendation shall be, and it hereby is, ADOPTED in its entirety;

(2) The plaintiff's January 5, 1999 objection to the Report and Recommendation shall be, and it hereby is, OVERRULED; and

(3) The plaintiff's December 8, 1999 motion shall be, and it hereby is, GRANTED in part and DENIED in part. The plaintiff shall be permitted to have the interpreter of his choice be present outside the deposition room. Further, the plaintiff shall be permitted to converse with his interpreter if the plaintiff becomes confused with the proceedings or must make an objection in relation to a privilege. However, the plaintiff's interpreter shall not be permitted in the deposition room and he shall not be permitted to challenge the interpretations of the official interpreter.